**Herbert SPERLING, Appellant,**

v.

**Warden Karen HOGSTEN.**

No. 07–3032.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 5, 2007.

Filed Oct. 19, 2007.

Herbert Sperling, White Deer, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Karen Hogsten.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant, Herbert Sperling, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The appellee has filed a motion for summary affirmance. Because this appeal does not present a substantial question, we will grant the motion. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1973, Sperling was convicted in the United States District Court for the Southern District of New York of numerous narcotics offenses in connection with his heroin and cocaine distribution enterprise. The sentencing court imposed a life sentence for engaging in a continuing criminal enterprise, and concurrent terms of 30 years on the remaining convictions. Sperling's convictions on three narcotics convictions were later reversed on appeal due to the government's failure to disclose certain material to the defense. *United States v. Sperling,* 506 F.2d 1323 (2d Cir.1974). Thereafter, Sperling filed three unsuccessful motions pursuant to 28 U.S.C. § 2255 in the Southern District of New York.

In July 2000, Sperling moved for authorization under 28 U.S.C. § 2244(b) in the Second Circuit to file a successive motion pursuant to section 2255. The Second Circuit denied Sperling's motion. *Sperling v. United States,* (2d Cir.00–cv–3566).

Next, in August 2000, Sperling filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, where he was incarcerated. In the petition, Sperling again challenged his continuing criminal enterprise conviction. The District Court dismissed the petition without prejudice on the ground that Sperling failed to establish that a § 2255 motion in the sentencing court was an "inadequate or ineffective" means to challenge the legality of his detention. *Sperling v. Zenk,* (M.D.Pa.00–cv–1478). Upon review, this Court affirmed and the United States Supreme Court denied Sperling's petition for writ of certiorari.[1] Undeterred, Sperling filed another habeas petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania challenging the legality of his conviction for engaging in a continuing criminal enterprise. On June 28, 2007, the District Court dismissed the petition. The present appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. *See Ruggiano v. Reish,* 307 F.3d 121, 126–27 (3d Cir.2002). We will affirm.

The District Court did not err in dismissing Sperling's petition. A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C.

---

1. It appears that between his filings in the Middle District of Pennsylvania, Sperling initiated at least three more challenges to his continuing criminal enterprise conviction in the Southern District of New York.

§ 2255; *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle,* 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claim he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle,* 290 F.3d at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

Accordingly, as there is no substantial question presented by this appeal, we grant the appellee's motion and will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6.